UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

NYREE ZAK,

    Plaintiff,

v.                                       COMPLAINT
                                            Case Number: 23-569

ACCESS COMMUNITY HEALTH CENTERS, INC.,

    Defendant.

---

Plaintiff, Nyree Zak through her attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson, alleges in this Complaint as follows:

**NATURE OF THE CASE**

1. Plaintiff, Nyree Zak ("Zak"), alleges that Defendant, Access Community Health Centers, Inc. ("ACHC") violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et seq*.], and the American Disabilities Act of 1990, as amended, ("ADA") [42 U.S.C. § 12101 *et seq*.], by failing to accommodate her disability, discriminating against her because of her disability, interfering with her right to take FMLA leave, and terminating her employment because of her disability and FMLA leave.

**JURISDICTION AND VENUE**

2. Jurisdiction over Zak's claims under the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq*.] is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3. Jurisdiction over Zak's claims under the American Disabilities Act of 1990, as amended, [42 U.S.C. § 12101 *et seq*.] is conferred on this court pursuant to 28 U.S.C. 1331.

4. The Western District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, because ACHC resides in the Western District and its unlawful actions occurred in the Western District.

**CONDITIONS PRECEDENT**

5. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

**JURY DEMAND**

6. Zak demands that her case be tried to a jury of her peers.

**PARTIES**

7. Plaintiff, Zak, is an adult who resides at 102 Walmar Drive, Sun Prairie, Wisconsin, 53590.

8. Defendant, ACHC, is a corporation organized and existing under the laws of the State of Wisconsin, which operates health clinics, with its principal place of business at 2901 W. Beltline Hwy, Ste 120, Madison, Wisconsin, 53713.

**OPERATIVE FACTS**

9. Zak commenced employment with ACHC on November 11, 2019 as a Senior Administrative Assistant.

10. Zak reported to Mary Alice Tillery ("Tillery"), Regional Sites Director.

11. Zak received pay raises, and her performance reviews as recent as August 30, 2021 were favorable.

12. Zak was diagnosed in 2013 with Chronic Kidney Disease stage III-IV.

13. Through medical treatment in or around 2015, Zak's Chronic Kidney Disease stage III-IV was considered to be in remission.

14. Zak's typical job duties involved working at two of ACHC's clinics.

15. During March, April, and May 2020, ACHC shut down its offices due to the COVID-19 pandemic.

16. During April of 2020, Zak complied with Tillery's request to work from home on a part-time or as-needed basis.

17. During May of 2020, Zak returned to ACHC's Sun Prairie Clinic.

18. During May of 2020, Zak was notified by her doctor that her Chronic Kidney Disease stage III-IV was no longer in remission.

19. Zak also has arthritis, high blood pressure, high cholesterol, cataracts, and gout—all related to her kidney disease.

20. Zak's doctor prescribed Prednisone in addition to her other medications and provided a written release for Zak to work from home due to her compromised immune system and the associated risk.

21. During the Fall of 2020, Zak provided ACHC with a formal written ADA accommodation request.

22. On December 2, 2020, ACHC granted Zak's request for accommodation.

23. On September 10, 2021, Tillery informed Zak that ACHC could no longer accommodate her working remotely because her job required her to work from the office and other employees now had to be reassigned the duties that Zak was responsible for in the office.

24. On September 10, 2021, ACHC informed Zak that she could choose one of the following three options:

   a. Return to work in the office two days per week and work from home three days per week;

    b. Take FMLA full-time; or

    c. Resign her employment.

  25. In response to the three options presented by ACHC, Zak specifically asked to engage in an interactive process with ACHC in order to determine what reasonable accommodations could be made for her disabilities.

  26. For purposes of interacting with ACHC to determine what reasonable accommodations could be made for her disabilities, Zak asked Tillery for a list of the duties that ACHC claimed had to be reassigned to other employees as a result of Zak working remotely. Despite Zak's repeated requests, Tillery refused to provide the information.

  27. ACHC refused to interact with Zak for purposes of determining what reasonable accommodations could be made for her disabilities.

  28. On September 13, 2021, at 7:09 a.m., before Zak provided a response to ACHC's three options, Tillery removed Zak's computer system access.

  29. ACHC terminated Zak's employment on September 13, 2021, at 3:00 p.m. because of her disabilities and exercise of her FMLA rights.

  30. ACHC interfered with Zak's right to receive FMLA leave by terminating her employment.

  31. ACHC retaliated against Zak for her taking FMLA leave and anticipated FMLA leave.

  32. ACHC discriminated against Zak because of her disabilities and did not provide Zak with reasonable accommodations for those disabilities as required by the ADA.

## FIRST COUNT
## FMLA INTERFERENCE

33. As and for a first count, Zak re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

34. ACHC deprived Zak of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections, ACHC was covered by the FMLA, ACHC was entitled to leave under the FMLA, Zak provided sufficient notice of her intent to take FMLA-qualifying leave, and ACHC denied Zak FMLA benefits to which she was entitled.

35. The allegations more particularly described above regarding the intentional discriminatory practices of ACHC, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*].

36. The allegations more particularly described above caused Zak wage loss, benefits loss, and expenses, all to her damage.

## SECOND COUNT
## FMLA RETALIATION

37. As and for a second count, Zak re-asserts the allegations recited above at paragraphs 1 through 32 and fully incorporates those paragraphs herein by reference.

38. ACHC violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Zak on account of her FMLA-protected activity.

39. The allegations more particularly described above regarding the intentional discriminatory practices of ACHC, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

40.     The allegations more particularly described above caused Zak wage loss, benefits loss, and expenses, all to her damage.

### THIRD COUNT
### DISABILITY DISCRIMINATION

41.     As and for a third count, Zak re-asserts the allegations recited above at paragraphs 1 through 32 and fully incorporates those paragraphs herein by reference.

42.     ACHC violated 42 U.S.C. 12112 by not making reasonable accommodations to Zak's known physical limitations due to her disabilities and terminating her employment because of her disabilities.

43.     The allegations more particularly described above regarding the reasonable accommodations would not have caused an undue burden on ACHC.

44.     The allegations more particularly described above caused Zak wage loss, benefits loss, and expenses, all to her damage.

WHEREFORE Plaintiff, Nyree Zak, demands relief as follows:

A.     Damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

B.     the interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

C.     an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

D.     equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

E.     a reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

F. reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

G. costs of the action pursuant to 29 U.S.C. § 2617;

H. equitable relief as may be appropriate, including employment, reinstatement, and back pay pursuant to 42 U.S.C. § 2000e–5(g);

I. a reasonable attorney's fee pursuant to 42 U.S.C. § 2000e–5(k);

J. reasonable expert witness fees pursuant to 42 U.S.C. § 2000e–5(k);

K. damages equal to the future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages pursuant to 42 U.S.C. § 1981a(b);

L. costs of the action pursuant to 42 U.S.C. § 2000e–5(k); and

M. such other relief as the court deems just and equitable.

Dated this 21st day of August, 2023.

*Signed electronically by Alan C. Olson*
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI  53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com